IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| V. § | |
| § | CRIMINAL NO. 4:18-cr-368-3 |
| VLADIMIR REDKO, M.D. § | |

## DEFENDANT REDKO'S MOTION IN LIMINE

The defendant, Vladimir Redko, M.D., moves in limine for a ruling on the admissibility of Government Exhibits 29, 212, 218, 221, 223, 664, 1012, and 1138 before the government seeks to admit them or offer any testimony about them during trial. In support of this motion, Dr. Redko would show the following:

### I.
### Government Exhibits 29 and 664

Government Exhibits 29 and 664 relate to Dr. Redko's brother, Michael Redko, and his sister-in-law, Alla Kholodovsky. Both worked as sales representatives for the compounding pharmacy during the time period covered by the superseding indictment. Government Exhibit 29 is a summary exhibit of the total amount of health insurance reimbursements and commissions paid for the prescriptions written by Dr. Redko or other doctors for Michael Redko; Michael's wife, Raisa Feygin; Alla Kholodosky; her husband, Steven Kholodovsky; and her father, Khirsh Dimant. Government Exhibit 664 are notes of a cooperating witness and alleged coconspirator, Leonard Carr, from a 2014 pharmacy management committee meeting. The notes concern the commissions for Michael Redko and Alla Kholodovsky. It is expected that Leonard Carr will testify for the government at trial about those notes.

Dr. Redko contends that these two exhibits should be excluded for two reasons. First, there is no evidence that Michael Redko and Alla Kholodosky were members of the charged conspiracy

1

in this case or did anything criminal or fraudulent. Therefore, whatever they did as sales representatives for the pharmacy in terms of earning commissions for prescriptions – including prescriptions listing Dr. Redko as the prescriber – are irrelevant. Fed. R. Evid. 401-02. There also is no evidence that the prescriptions for which they received commissions were fraudulent. There is no evidence that Dr. Redko and the other doctors who wrote the prescriptions at issue had anything but valid physician-patient relationships with all those patients.

In addition, even assuming *arguendo* that this evidence were relevant in some way, the exhibits' admission would be unfairly prejudicial in a manner that substantially outweighs any probative value of the evidence. Fed. R. Evid. 403. Simply offering proof of the prescriptions and the corresponding insurance reimbursements and commissions without any proof that the prescriptions were fraudulent or otherwise illegal, or that Michael Redko and Alla Kholodosky were members of the charged conspiracy, would unduly prejudice Dr. Redko because both the sales representatives and the patients are his close relatives (his brother and sister-in-law) or their close relatives. The evidence could wrongly suggest illegal conduct when none existed.

## II.
## Government Exhibits 212, 218, 221, 223 and Related Testimony About Dr. Redko's Disciplinary Violation

Government Exhibits 212, 218, 221 and 223 are "provider certifications" filed by the pharmacy with Express Scripts. On each of the certifications, the pharmacy answered "no" to the question of whether any owner had ever been professionally disciplined.[1] During a federal civil trial between the pharmacy and Express Scripts in 2016, Express Scripts offered evidence that Dr. Redko previously had been disciplined by the Texas Medical Board for a minor record-keeping violation in 2007 and, therefore, that the certifications were inaccurate.

---

[1] Dr. Redko did not sign any of the certifications.

2

In the instant case, the government intends to offer evidence of Dr. Redko's disciplinary action to prove that the certifications were inaccurate. Such evidence is irrelevant because it does not relate the healthcare fraud charges in the superseding indictment (and, thus, also would constructively amend the superseding indictment in violation of the Fifth Amendment). In addition, assuming *arguendo* that such evidence has any relevance in this case, it would be substantially outweighed by unfair prejudice to Dr. Redko. Fed. R. Evid. 403. The jury should not learn that he faced discipline by the Texas Medical Board in 2007 when such discipline is at most marginally relevant and unfairly prejudicial to his defense.

### III.
### Government Exhibit 1012

Government Exhibit 1012 is a March 20, 2014 email chain involving emails to and from codefendants Scott Breimeister and Brian Swiencinski and unindicted coconspirator Dan Milosevic. The subject of the email concerns a CVS audit of unindicted coconspirator Dr. Colleen Kennedy in March 2014. Milosevic suggested that Dr. Kennedy (who was "shaken" by the audit, according to the email) and codefendant Ronnie McAda meet with Dr. Redko at a restaurant. Breimeister further suggested in the email that "it might be helpful if Dr. Redko spoke to [Dr. Kennedy] and explained how to deal with reviews from the insurance company." Dr. Redko was not copied on any part of that email chain, and there is no proof that he even was notified of the email conversation. Nor is there any evidence that Dr. Redko ever met with Dr. Kennedy and McAda, as was suggested. In addition, even if such a meeting had taken place, the subject of the proposed conversation was not illegal in nature.

The email is irrelevant because it does not prove any illegal conduct by Dr. Redko. Fed. R. Evid. 401-02. In addition, even assuming *arguendo* that this email chain were relevant in some way, the exhibits' admission would be unfairly prejudicial in a manner that substantially outweighs

3

any probative value of the evidence. Fed. R. Evid. 403. It suggests that Dr. Redko was involved with Dr. Kennedy and McAda when in fact there is no evidence that Dr. Redko was.

## IV.
## Government Exhibit 1138

Government's Exhibit 1138 is a December 23, 2013 email chain involving Dr. Redko, codefendants Breimeister and Swiencinski, unindicted coconspirator Milosevic, and the pharmacy's vice president and in-house counsel, Branko Milosevic (who was unrelated to Dan Milosevic and simply shared his extremely common Serbian surname). In it, Dr. Redko responded both to (1) Branko's news that the Maryland Board of Pharmacy had informed their Houston pharmacy that a physician-owned "non-resident" pharmacy could not operate in Maryland and (2) Breimeister's follow-up email asking whether Dr. Redko's ownership interest in the pharmacy could be reduced to permit a Maryland license.[2] Dr. Redko replied: "I have not seen the response but if my ownership is the problem th[e]n I should look at [an] alternative way to keep my ownership hidden. This is not the first or the last time this issue comes up and there are many ways this could be done. It all depends to what level and degree it needs to disappear."

This email chain is inadmissible. First, it is irrelevant, as it does not relate to the charged healthcare fraud conspiracy (and thus would constructively amend the superseding indictment in violation of the Fifth Amendment). No allegations in the superseding indictment relate to Dr. Redko and his codefendants' seeking to become licensed in Maryland. Nor is this email chain evidence admissible under Federal of Evidence 404(b). In particular, the email does not prove "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident" related to the charges in the superseding indictment.

---

[2] In his email, Bremiester asked, "Do you think we should ask at what level of physician ownership the pharmacy boards will permit an out of state pharmacy to conduct business in Maryland? If we know this level and need to do business in the state, maybe we apply in the name of OmniPlus and Dr. Redko reduces his equity stake to below whatever their threshold level is, or we buy another pharmacy and apply in the name of the new pharmacy."

4

Finally, admission of the email chain would be unfairly prejudicial and substantially outweigh whatever marginal relevance that it may have (assuming *arguendo* it has any). Fed. R. Evid. 403. Significantly, Dr. Redko's comment was made during a discussion that included the pharmacy's in-house counsel (Branko Milosevic). Branko's original email attached the letter from the Maryland Board of Pharmacy (which is attached hereto as an appendix). That letter stated that a 40%-physician ownership would be too much to permit a non-resident pharmacy to be licensed in Maryland. Breimeister initially responded and stated, "Do you think we should ask at what level of physician ownership the pharmacy boards will permit an out of state pharmacy to conduct business in Maryland? If we know this level and need to do business in the state, maybe we apply in the name of OmniPlus and Dr. Redko reduces his equity stake to below whatever their threshold level is, or we buy another pharmacy and apply in the name of the new pharmacy." *Only then* did Dr. Redko respond about *exploring* an "alternative way" to "keep my ownership hidden" or make a portion of his existing "level and degree" of ownership "disappear." Dr. Redko, who is not a native English speaker, was clearly referring, albeit unartfully, to exploring options about reducing or restructuring his ownership of the pharmacy to satisfy the Maryland board's requirements concerning physician-ownership of a non-resident pharmacy. And, significantly, he made the statement in the course of discussing the issue with the pharmacy's in-house counsel. Finally, there is no evidence that Dr. Redko did ever did anything illegal to restructure his ownership interest for the purpose of the pharmacy's obtaining a Maryland license.

**CONCLUSION**

For all these reasons, this Court should grant this motion in limine and rule on the admissibility of Government Exhibits 29, 212, 218, 221, 223, 664, 1012, and 1138 before the government is permitted to seek to admit any of them or offer any testimony about them during trial.

Respectfully submitted,

*/s/ Jim E. Lavine*
Jim E. Lavine
Texas State Bar No. 12000300
Attorney in Charge
Zimmerman Lavine & Zimmeman, P.C.
770 South Post Oak Lane, Suite 620
Houston, Texas 77056
(713) 552-0300
Email: jim.lavine@zlzslaw.com

*/s/ Brent E. Newton*
Brent E. Newton
Texas State Bar No. 00788155
Gerger, Hennessy & Martin LLP
700 Louisiana, Suite 2300
Houston, Texas 77002
(713) 224-4400
Email: bnewton@ghmfirm.com

**Attorneys for Vladimir Redko, M.D.**

## CERTIFICATE OF SERVICE

A copy of this motion was served the day of filing on counsel of record by electronic mail from the Clerk of Court via the CM/ECF system.

*/s/ Brent E. Newton*
Brent E. Newton

## CERTIFICATE OF CONFERENCE

I certify that on this 6th day of November, 2022, I unsuccessfully attempted to confer with AUSA Aleza Remis, counsel for the government. It is assumed that the government opposes this motion.

*/s/ Brent E. Newton*
Brent E. Newton